UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIR MOORMAN,

      Plaintiff,

      v.                                         CAUSE NO. 3:26-CV-1100-PPS-JEM

LIAW, et al.,

      Defendants.

OPINION AND ORDER

Kir Moorman, a prisoner without a lawyer, filed a complaint and motion for leave to proceed in forma pauperis. ECF 1, 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

Moorman has three strikes:

(1) *Moorman v. Risner*, 3:24-cv-245 (N.D. Ind. filed March 19, 2024), dismissed April 1, 2024, under 28 U.S.C. § 1915A as frivolous;

(2) *Moorman v. Jones*, 3:24-cv-253 (N.D. Ind. filed March 21, 2024), dismissed April 23, 2024, under 28 U.S.C. § 1915A(b)(1) as frivolous; and

(3) *Moorman v. Raglin*, 3:24-cv-307 (N.D. Ind. filed April 17, 2024), dismissed May 21, 2024, under 28 U.S.C. § 1915A as frivolous.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

When Moorman is incarcerated at the New Castle Correctional Facility, which is in the Southern District of Indiana. From there, he filed this case suing for monetary damages based on events which happened from May 2025 to May 2026 at the Westville Correctional Facility. This case is not about what is happening to him now at New Castle. These allegations of past misconduct are not about Moorman being in imminent danger of serious physical injury. Though he filed a preliminary injunction motion asking for surgery, that request is outside the scope of this lawsuit. *See* ECF 3. None of these defendants are his current medical providers. And I cannot order surgery for him in this case (or any other) because he is housed at New Castle in the Southern District of Indiana. Any claim he may have related to needing surgery must be raised in the Southern District – a court where Moorman has filed cases in the past. *See Moorman v. Hill*, 1:24-cv-206 (S.D. Ind. filed January 30, 2024), and *Moorman v. Delice*, 1:24-cv-395 (S.D. Ind. filed March 4, 2024).

Moorman may not proceed in forma pauperis.  He has been told six times that he has struck out and cannot proceed in forma pauperis unless his case concerns him being in imminent danger of serious physical injury:

(1) *Moorman v. Schmidt*, 3:25-cv-004 (N.D. Ind. filed January 6, 2025), Order of April 9, 2025, ECF 6;

(2) *Moorman v. Schmidt*, 3:25-cv-004 (N.D. Ind. filed January 6, 2025), Order of May 28, 2025, ECF 7;

(3) *Moorman v. Moody*, 3:25-cv-198 (N.D. Ind. filed March 4, 2025), Order of April 10, 2025, ECF 2;

(4) *Moorman v. Moody*, 3:25-cv-198 (N.D. Ind. filed March 4, 2025), Order of May 29, 2025, ECF 3;

(5) *Moorman v. Robinson*, 3:25-cv-199 (N.D. Ind. filed March 4, 2025), Order of April 8, 2025, ECF 2; and

(6) *Moorman v. Robinson*, 3:25-cv-199 (N.D. Ind. filed March 4, 2025), Order of May 21, 2025, ECF 3.

The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two

3

years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

This case will be dismissed, the filing fee assessed, and Moorman restricted from further civil filings until he pays in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not bar him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit [in this court] until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This restriction also does not prevent him from filing a case in the Southern District of Indiana where he is now incarcerated.

For these reasons, the court:

(1) DENIES Kir Moorman's motions (ECF 2 and 3);

(2) DISMISSES this case WITHOUT PREJUDICE;

(3) ORDERS the plaintiff, **Kir Moorman, IDOC # 296121**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$405.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Kir Moorman, except for

   a.  a notice of appeal and documents related to that appeal,

4

b. filings in a criminal case, and

c. filings in a habeas corpus case,

until he has paid in full all outstanding fees and sanctions in all civil actions

in any federal court;

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in

violation of this order; and

(7) DIRECTS the clerk to send a copy of this order to each facility where the

plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

ENTERED: July 31, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT